**LEE LITIGATION GROUP, PLLC**
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
148 West 24th Street, Eighth Floor
New York, NY 10011
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiffs, FLSA Collective*
*Plaintiffs and the Class*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

| | |
|---|---|
| JUAN SANTIAGO SIERRA,<br>*on behalf of himself, FLSA Collective Plaintiffs and the Class,*<br><br>Plaintiff,<br><br>v.<br><br>PASSON & PASSON CORP.,<br>229 BLEECKER LLC d/b/a TERRA,<br>225 WEST BROADWAY CORP<br>d/b/a ATTRAVERSA,<br>GOOD LUCK RIBBON CORP.<br> d/b/a ARICCIA, 7 WASHINGTON LANE CORP.<br>d/b/a ARIA HELL'S KITCHEN,<br>228 BLEECKER LLC d/b/a ARIA,<br>BRICIOLA CORP. d/b/a BRICIOLA,<br>230 BLEECKER CORP. d/b/a COTENNA,<br>62 CARMINE CORP. d/b/a CODINO,<br>329 BLEECKER CORP. d/b/a LABORATORIO,<br> ROBERTO PASSON, TANYA HIRA-PASSON<br><br>Defendants. | Case No.:<br><br>**CLASS AND COLLECTIVE ACTION COMPLAINT**<br><br>Jury Trial Demanded |

---

Plaintiff, JUAN SANTIAGO SIERRA (herein, "Plaintiff" or Plaintiff JUAN SANTIAGO SIERRA), on behalf of himself and others similarly situated, by and through his undersigned attorneys, hereby files this class and collective action Complaint against

1

Defendants, PASSON & PASSON CORP., 229 BLEECKER LLC d/b/a TERRA, 225 WEST BROADWAY CORP d/b/a ATTRAVERSA, GOOD LUCK RIBBON CORP., d/b/a ARICCIA, 7 WASHINGTON LANE CORP. d/b/a ARIA HELL'S KITCHEN, 228 BLEECKER LLC d/b/a ARIA, BRICIOLA CORP. d/b/a BRICIOLA, 230 BLEECKER CORP. d/b/a COTENNA, 62 CARMINE CORP. d/b/a CODINO, 329 BLEECKER CORP. d/b/a LABORATORIO (the "Corporate Defendants"), ROBERTO PASSON ("Individual Defendant"), TANYA HIRA-PASSON ("Individual Defendant") (each individually, "Defendant" or, collectively, "Defendants") and states as follows:

## INTRODUCTION

1. Plaintiff alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 *et. seq.* ("FLSA"), that he, FLSA Collective Plaintiffs and similarly situated individuals are entitled to recover from Defendants: (1) unpaid overtime due to a policy of time-shaving (2) liquidated damages, and (3) attorneys' fees and costs.

2. Plaintiff further alleges that, pursuant to the New York Labor Law ("NYLL"), he and others similarly situated are entitled to recover from Defendants: (1) unpaid minimum wage, (2) unpaid overtime due to a policy of time-shaving (3) unpaid spread of hours premium, (4) improper meal credit deductions, (5) statutory penalties, (6) liquidated damages, and (7) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331, 1337 and 1343 and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in the Southern District pursuant to 28 U.S.C. § 1391.

**PARTIES**

5.     Plaintiff, JUAN SANTIAGO SIERRA, is a resident of New York County, New York.

6.     Defendants own and operate nine (9) restaurants located throughout New York City:

(a) TERRA - 222 West Broadway, New York, New York 10007
(b) ATTRAVERSA – 225 West Broadway, New York New York 10013
(c) ARICCIA – 14 Bedford Street, New York, New York, 10014
(d) ARIA HELL'S KITCHEN – 369 West 51st Street, New York, New York 10019
(e) ARIA WEST VILLAGE – 117 Perry Street, Store #2, New York, New York 10014
(f) BRICIOLA – 370 West 51st Street, New York, New York 10019
(g) COTENNA – 21 Bedford Street, New York, New York 10014
(h) CODINO – 62 Carmine Street, New York, New York 10014
(i) LABORATORIO – 329 West 51st Street New York, New York 10019

7.     Corporate Defendant PASSON & PASSON CORP. is a domestic limited liability company with a principal place of business and address of service of process located at 613 W 145th Street, New York, New York 10031. Defendants operate and own all other locations.

8.     Corporate Defendant 229 BLEECKER LLC d/b/a TERRA is a domestic limited liability company with a principal place of business located at 222 West Broadway, New York, New York 10007 and an address for service of process located at 408 W 145th Street, New York, New York 10031.

9.     Corporate Defendant 225 WEST BROADWAY CORP d/b/a ATTRAVERSA is a domestic limited liability company with a principal place of business and executive office located at 225 West Broadway, New York New York 10013. Defendant has an agent and an address for service of process located a c/o RESHMA HIRA 613 W 145th Street, New York, New York 10031.

3

10. Corporate Defendant GOOD LUCK RIBBON CORP. d/b/a ARICCIA is a domestic limited liability company with a principal place of business located at 14 Bedford Street, New York, New York 10007 and an address for service of process located at 613 W 145th Street, New York, New York 10031.

11. Corporate Defendant 7 WASHINGTON LANE CORP. d/b/a ARIA HELL'S KITCHEN is a domestic limited liability company with a principal place of business located at 222 West Broadway, New York, New York 10007, and an executive office and address for service of process located at 408 W 145th Street, New York, New York 10031.

12. Corporate Defendant 228 BLEECKER LLC d/b/a ARIA is a domestic limited liability company with a principal place of business located at 117 Perry Street, New York, New York 10014 and an address for service of process located at 408 W 145th Street, New York, New York 10031.

13. Corporate Defendant BRICIOLA CORP. d/b/a BRICIOLA is a domestic limited liability company with a principal place of business located at 370 West 51st Street, New York, New York 10019 and an address for service of process and executive office located at 408 W 145th Street, New York, New York 10031.

14. Corporate Defendant 230 BLEECKER CORP. d/b/a COTENNA is a domestic limited liability company with a principal place of business located at 21 Bedford Street, New York, New York 10014 and an address for service of process located at 400 West 56th Street, Suite 5H New York, New York 10019.

15. Corporate Defendant 62 CARMINE CORP. d/b/a CODINO is a domestic limited liability company with a principal place of business located at 62 Carmine Street, New York,

New York 10014 and an address for service of process located at 613 W 145th Street, New York, New York 10031.

16. Corporate Defendant 329 BLEECKER CORP. d/b/a LABORATORIO is a domestic limited liability company with a principal place of business located at 329 West 51st Street New York, New York 10019 and an address for service of process located at 408 W 145th Street, New York, New York 10031.

17. Individual Defendant ROBERTO PASSON is an owner and principal of each of the Corporate Defendants. ROBERTO PASSON exercised control over the terms and conditions of Plaintiff's employment and those of FLSA Collective Plaintiffs and the Class. ROBERTO PASSON exercised functional control over the business and financial operations of the Corporate Defendants. ROBERTO PASSON had the power and authority to supervise and control supervisors of Plaintiff, FLSA Collective Plaintiffs and Class members and could reprimand employees.

18. Individual Defendant TANYA HIRA-PASSON is an owner and principal of each of the Corporate Defendants. TANYA HIRA-PASSON exercised control over the terms and conditions of Plaintiff's employment and those of FLSA Collective Plaintiffs and the Class. TANYA HIRA-PASSON exercised functional control over the business and financial operations of the Corporate Defendants. TANYA HIRA-PASSON had the power and authority to supervise and control supervisors of Plaintiff, FLSA Collective Plaintiffs and Class members and could reprimand employees.

19. At all relevant times, Corporate Defendants were and continue to be an "enterprise engaged in commerce" within the meaning of the FLSA.

20. At all relevant times, the work performed by Plaintiff, FLSA Collective Plaintiffs and Class members was directly essential to the business operated by Defendants.

## FLSA COLLECTIVE ACTION ALLEGATIONS

21. Plaintiff brings claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt front-of-house and back-of-house employees (including delivery persons, servers, runners, bussers, porters, cooks, line-cooks, food preparers and dishwashers) employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein (herein, "FLSA Collective Plaintiffs").

22. At all relevant times, Plaintiff and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them their proper wages, including their overtime premium at one and a half times the regular rate for all hours worked over forty (40) in a workweek, due to a policy of time-shaving. The claims of Plaintiff stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

23. The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

24. Plaintiff brings claims for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all non-exempt front-of-house and back-of-house employees (including delivery persons, servers, runners, bussers, porters, cooks, line-cooks, food preparers and dishwashers) employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

25. All said persons, including Plaintiff, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the position held, and rates of pay for each Class member are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

26. The proposed Class is numerous that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, the facts on which the calculation of that number are presently within the sole control of Defendants, there is no doubt that there are more than forty (40) members of the Class.

27. Plaintiff's claims are typical of those claims that could be alleged by any member of the Class, and the relief sought is typical of the relief, that would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants of (i) failing to pay wages for all hours worked due to a policy of time-shaving, (ii) failing to pay overtime premium for hours worked in excess of 40 per workweek due to a

policy of time-shaving (iii) improper meal credit deductions (iv) failing to pay spread of hours premium and (v) failing to provide proper wage notices to employees.

28. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

29. Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented Plaintiffs in wage and hour cases.

30. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because of losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of

separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendant and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

31. Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

32. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

 a. Whether Defendants employed Plaintiff and the Class within the meaning of the New York law;

 b. What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not properly pay Plaintiff and the Class members;

 c. At what common rate, or rates subject to common methods of calculation, was and are Defendants required to pay Plaintiff and the Class members for their work;

d. Whether Defendants properly notified Plaintiff and the Class members of their hourly rates and overtime rates;

e. Whether Defendants paid Plaintiff and Class members the proper overtime compensation under the New York Labor Law;

f. Whether Defendants took the proper amount of meal credit allowance for each payment period under the New York Labor Law;

g. Whether Defendants provided proper wage notice, at date of hiring and annually thereafter, to all non-exempt employees per requirements of the New York Labor Law;

h. Whether Defendants properly compensated Plaintiff and Class members for overtime under state and federal law;

i. Whether Defendants properly compensated employees their minimum wage rate under state and federal law; and

j. Whether Defendants paid Plaintiff and Class members the New York State spread of hours premium when their workdays exceeded ten (10) hours.

## STATEMENT OF FACTS

33. Plaintiff JUAN SANTIAGO SIERRA:

(a) In or around August 2018, Plaintiff JUAN SANTIAGO SIERRA was hired by Defendants to work as a dishwasher and salad prepper for Defendants at their TERRA location. Plaintiff frequently had to assist at the ATTRAVERSA, and ARIA locations. Plaintiff was employed by Defendants until in or around October 2019.

(b) From in or around August 2018 through January 2019, Plaintiff JUAN SANTIAGO SIERRA regularly worked sixty-six (66) hours per week from 11a.m. to 10 p.m., for six (6) days

a week. From in or around January 2019 until the end of his employment with Defendants in October of 2019, Plaintiff regularly worked from 3:00p.m. to 12:00a.m. for six (6) days a week, for a total of fifty-four (54) hours per week.

(c) From in or around August 2018 through the end of January 2019, Plaintiff JUAN SANTIAGO SIERRA was compensated by check at a rate of $8.00 per hour for all hours worked, well below the New York minimum wage of $13.00 per hour at the time. From January 2019 to October of 2019, Plaintiff JUAN SANTIAGO SIERRA was compensated at a rate of $15.00 per hour for all hours worked. Throughout his employment with Defendants, Plaintiff JUAN SANTIAGO SIERRA regularly worked without any breaks on a daily basis, yet Defendants still deducted one (1) hour of work from his paycheck for each day he worked, for a total of six (6) hours a week.

34. Plaintiff, FLSA Collective Plaintiffs, and Class members were not paid all wages or their overtime premium, at a rate of time and one half of the regular hourly rate, for all hours worked and for those exceeding forty (40) hours per workweek due to Defendants' policy of time-shaving during the relevant statutory period.

35. Plaintiff and Class members regularly worked days exceeding ten (10) hours in length, but Defendants unlawfully failed to pay Plaintiff and Class members their spread-of-hours premium for workdays that exceeded ten hours in length.

36. Throughout Plaintiff's employment with Defendants, Defendants deducted $30.90 per week from his pay as a meal credit, well above what was legally permissible in 2018 and 2019. On most days Plaintiff was not provided with a meal break yet still had the meal credit deducted. Furthermore, the food that was provided was insufficient. Only chicken and some form of pasta was provided. Claimant was never given any fruit or vegetables, and he had to purchase

his own drinks, thus the meals were only made up of two of the four required food groups. All Class Members were subject to an automatic deduction for meals even though no meal was effectively provided.

37. Defendants failed to properly provide Plaintiff and the Class members with proper wage notices in statutory compliance with the New York Labor Law.

38. Defendants knowingly and willfully operated their business with a policy of not paying for all hours worked, and the proper overtime rate thereof for all hours worked to Plaintiff, FLSA Collective Plaintiffs, and Class members in violation of the FLSA.

39. Defendants knowingly and willfully operated their business with a policy of not paying the New York State minimum wage, and the proper overtime rate thereof for all hours worked to Plaintiff and class members, due to a policy of time-shaving, in violation of the NYLL.

40. Defendants knowingly and willfully operated their business with a policy of not paying spread-of-hours premium to Plaintiff and Class members, in violation of the NYLL.

41. Defendants knowingly and willfully claimed an unlawful meal credit from Plaintiff's and class members' wages, in violation of the NYLL

42. Plaintiff retained Lee Litigation Group, PLLC to represent Plaintiff, FLSA Collective Plaintiffs and Class members.

## STATEMENT OF CLAIM

## COUNT I

## VIOLATION OF THE FAIR LABOR STANDARDS ACT

43. Plaintiff realleges Paragraphs 1 through 42 of this Class and Collective Action Complaint as fully set forth herein.

44. At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a). Further, Plaintiff and FLSA Collective Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a).

45. At all relevant times, Defendants employed Plaintiff and FLSA Collective Plaintiffs within the meaning of the FLSA.

46. At all relevant times, Corporate Defendants had gross annual revenues in excess of $500,000.

47. At all relevant times, the Defendants had a policy and practice that failed to pay overtime compensation at the statutory rate of time and one-half to Plaintiff and FLSA Collective Plaintiffs for all hours worked in excess of forty (40) hours per workweek due to a policy of time-shaving.

48. Defendants failed to pay Plaintiff and FLSA Collective Plaintiffs overtime compensation in the lawful amount for hours worked in excess of the maximum hours provided for in the FLSA.

49. Defendants failed to pay Plaintiff and FLSA Collective Plaintiffs their wages in the lawful amount for their hours worked.

50. Records, if any, concerning the number of hours worked by Plaintiff and FLSA

Collective Plaintiffs and the actual compensation paid to Plaintiff and FLSA Collective Plaintiffs should be in the possession and custody of the Defendants. Plaintiff intend to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

51. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and FLSA Collective Plaintiffs their proper wages, including their proper overtime premium, when Defendants knew or should have known such was due.

52. Defendants failed to properly disclose or apprise Plaintiff and FLSA Collective Plaintiffs of their rights under the FLSA.

53. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff and FLSA Collective Plaintiffs are entitled to liquidated (i.e., double) damages pursuant to the FLSA.

54. Due to the intentional, willful and unlawful acts of Defendants, Plaintiff and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid wages and unpaid overtime, plus an equal amount as liquidated damages.

55. Plaintiff and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## COUNT II

### VIOLATION OF THE NEW YORK LABOR LAW

56. Plaintiff realleges Paragraphs 1 through 55 of this Class and Collective Action Complaint as if fully set forth herein.

57. At all relevant times, Plaintiff and Class members were employed by the Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

58. Defendants willfully violated the rights of Plaintiffs and Class members by failing to pay them the minimum wage, and overtime compensation at the rate of not less than one and one-half times the regular rate of pay for each hour worked in excess of forty (40) hours in a workweek.

59. Defendants failed to properly notify employees of their overtime rate, in direct violation of the New York Labor Law.

60. Defendants willfully violated Tipped Subclass members' rights by failing to pay them the statutory minimum wage rate, and the proper overtime rate thereof. Defendants were not entitled to claim any tip credits under the New York Labor Law.

61. Plaintiff and Class members regularly worked days that exceeded ten hours per day. Defendants willfully violated Plaintiff's and Class members' rights by failing to pay spread of hours premium to Plaintiff and Class members for each day their workday exceeded ten (10) hours.

62. Defendants knowingly and willfully operated their business with a policy of not providing all non-exempt employees proper wage notice, at date of hiring and annually thereafter, as required under the New York Labor Law.

63. Due to the Defendants' New York Labor Law violations, Plaintiff and Class members are entitled to recover from Defendants unpaid minimum wage, unpaid overtime, unpaid spread of hours premium, damages for unreasonably delayed payments, reasonable attorneys' fees, liquidated damages, statutory penalties and costs and disbursements of the action, pursuant to New York Labor Law.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff on behalf of himself, FLSA Collective Plaintiffs and Class members, respectfully request that this Court grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

b. An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c. An award of unpaid overtime compensation due under the FLSA and the New York Labor Law;

d. Am award of unpaid minimum wage due under the New York Labor Law;

e. An award of unpaid spread of hours premium due under the New York Labor Law;

f. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation pursuant to 29 U.S.C. § 216;

g. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation, minimum wages, and "spread of hours" premium pursuant to the New York Labor Law;

h. An award of statutory penalties, prejudgment and post judgment interest, costs and expenses of this action together with reasonable attorneys' and expert fees and statutory penalties;

i. Designation of Plaintiff as Representative of the FLSA Collective Plaintiffs;

j. Designation of this action as a class action pursuant to F.R.C.P. 23;

k. Designation of Plaintiff as Representative of the Class; and

l. Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated: January XX, 2020                    Respectfully submitted,

                                               By:   */s/ C.K. Lee*
                                                    C.K. Lee, Esq.

                                                    **LEE LITIGATION GROUP, PLLC**
                                                    C.K. Lee (CL 4086)
                                                    Anne Seelig (AS 3976)
                                                    148 West 24th Street, Second Floor
                                                   New York, NY 10011
                                                   Tel.: 212-465-1188
                                                   Fax: 212-465-1181
                                                   *Attorneys for Plaintiff, FLSA Collective*
                                                   *Plaintiffs and the Class*